IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MICHAEL WIDMER, #B-30985, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 13-25-MJR |
| ) | |
| MARC HODGE, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION**

NOW COME Defendants, MARC HODGE and BYRON LINGLE, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby respond to Plaintiff's "Motion for Hearing ASAP on Temporary Restraining Order," [Doc. 19], as follows:

1. Plaintiff filed his "Motion for Hearing ASAP on Temporary Restraining Order" on or about April 10, 2013. [Doc. 19]. In his motion, Plaintiff is seeking an "emergency order against Defendant Hodge to enjoin conduct which is intentional, willful, and malicious against myself which has and currently is causing me to suffer extreme mental and physical pain." [Doc. 19 at pg. 1].

2. Plaintiff's Motion essentially seeks a preliminary injunction. The party seeking a preliminary injunction must satisfy five factors: (1) he has a likelihood of success on the claim; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm if he does not receive a preliminary injunction; (4) the irreparable harm the moving party will suffer outweighs the irreparable harm the non-moving party will suffer if the preliminary injunction is granted; and (5) the public interest

will not be harmed by the issuance of a preliminary injunction. Platinum Home Mortg. Corp. v. Platinum Fin. Group, 149 F.3d 722, 726 (7th Cir. 1998). The major consideration in a preliminary injunction inquiry is the moving party's likelihood of success on the merits of the original claim. Id.

    3.    Plaintiff's claim in this case pertain to his allegations that Defendants herein failed to provide him with a nutritionally-adequate diet. [Doc. 1 at pg. 3]. Plaintiff's claims in his Motion for a preliminary injunction are unrelated to his claims in this case, and Plaintiff offers no evidence to show a likelihood of success on the merits of his claims.

    4.    The Prisoner Litigation Reform Act states that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C.A. § 3626(a)(2) (West 2012). Even assuming, *arguendo*, that the court preliminarily finds that Plaintiff's claims have merit, the relief he seeks is too vague. Without specifying the exact relief he is requesting and what specific actions Plaintiff would like enjoined, Plaintiff is seeking a preliminary injunction that is both overly broad and not readily conducive to judicial oversight and enforcement.

    5.    Furthermore, Plaintiff has failed to point out any irreparable harm that he will suffer if a preliminary injunction is not issued. The only potential harm Plaintiff alleges is possibly the harm Plaintiff will suffer as a result of his self-imposed hunger strike.

    6.    When a prisoner seeks a preliminary injunction against prison officials, courts have also found that the public interest factor is of great importance. Buck v.

Briley, No. 2001-c-1153, 2001 WL 619523, *2 (N.D. Ill. 2001). The public interest in the safe and orderly management of prisons is great; and, prison management may be adversely impacted if a large number of prisoners demand a particular relief as a result of one prisoner's successful demand. Id. Likewise, the Prison Litigation Reform Act requires that an inmate litigant's request for preliminary injunctive relief be evaluated giving substantial weight to any adverse impact on the public's safety or the operation of prisons. 18 U.S.C.A. § 3626(a)(2) (West 2012).

7.  The public interest would be harmed if Plaintiff received a preliminary injunction considering the public needs to be secure from inmates trying to dictate their conditions of confinement. This is especially true in a case such as this, when Plaintiff has been placed in segregation for disciplinary reasons. Safety and security concerns are clearly implicated by any decision to either release Plaintiff from segregation or give him unapproved property.

8.  Due to the complex issues involved, courts are ill-equipped to deal with the regulation and administration of prisons. Turner v. Safley, 482 U.S. 78, 84 (1987) (citing Procunier v. Martinez, 416 U.S. 396, 404-05 (1974)). Federal courts, especially in cases concerning a state prison system, should accord deference to the appropriate prison authorities.

9.  Preliminary injunctions are to be used to maintain the status quo pending the outcome of the case's merits. Norman v. Johnson, 739 F. Supp. 1182, 1191 (N.D. Ill. 1990) (citing Jordan v. Wolke, 593 F.2d 772, 774 (7th Cir. 1978)). Because whether Plaintiff is entitled to injunctive relief is one of the ultimate issues in this case, the issuance of an injunction would reverse, rather than maintain, the status quo.

3

10. Finally, Plaintiff has not provided security in the form of a bond as required by Rule 65(c) of the Federal Rules of Civil Procedure and as such is not entitled to injunctive relief.

WHEREFORE, for the above and foregoing reasons, Defendants pray this honorable Court deny Plaintiff's Motion for Temporary Injunction.

Respectfully submitted,

MARC HODGE and BYRON LINGLE,

Defendants,

LISA MADIGAN, Attorney General,
of the State of Illinois,

Attorney for Defendants,

Adam G. Eisenstein, #6305787
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-2077  Phone          By:   \s\ Adam G. Eisenstein
(217) 524-5091  Fax                    Adam G. Eisenstein
E-Mail: aeisenstein@atg.state.il.us     Assistant Attorney General

Of Counsel.

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2013, I electronically filed Defendants' Response to Plaintiff's Motion for Hearing ASAP on Temporary Restraining Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on May 28, 2013, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Widmer #B-30985
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL  62466

Respectfully submitted,

By: \s\ Adam G. Eisenstein
Adam G. Eisenstein #6305787
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-2077  Telephone
(217) 524-5091  Fax
Email: aeisenstein@atg.state.il.us